IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID MEZA,<br><br>             Plaintiff,<br><br>    v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>            Defendant. | 8:22CV102<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Union Pacific Railroad Co.'s ("UP") Motion to Dismiss (Filing No. 14) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, UP moves to dismiss Count II of the Amended Complaint.[1] Also before the Court is plaintiff David Meza's ("Meza") Motion to Strike (Filing No. 30) pursuant to Federal Rule of Civil Procedure 12(f). In the alternative, Meza requests the Court consider his surreply in opposition to UP's motion to dismiss (Filing No. 32-1). For the reasons stated below, UP's motion is granted. Meza's motion to strike is denied. Meza's request for leave to file a surreply is granted and the document attached to is motion (Filing No. 32-1) is deemed filed.

I.      BACKGROUND

This lawsuit follows an unsuccessful class action in *Quinton Harris et al. v. Union Pacific Railroad Company,* No. 8:16-cv-381 (D. Neb.). *Harris*, filed in February 2016, was a class action claiming UP's fitness-for-duty policies and practices violated the

---

[1]UP's motion to dismiss was filed after its Answer (Filing No. 13). A motion asserting any Rule 12(b) defense must be made before pleading, though a motion for failure to state a claim may be brought in a Rule 12(c) motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(h)(2)(B). Here, UP's motion to dismiss was filed the same day and just minutes after its answer. The Court will treat them as simultaneous filings and will address the motion under Rule 12(b), notwithstanding an answer being filed.

Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*. There, the plaintiffs alleged, among other things, several violations under the ADA, including claims on behalf of the class for disparate treatment and disparate impact.

The *Harris* plaintiffs moved for class certification on August 17, 2018. The plaintiffs sought certification of Count I of their Amended Complaint, which alleged disparate treatment pursuant to the ADA. The district court granted the *Harris* plaintiffs' motion for class certification, in February 2019. Thereafter, UP appealed, and the Eighth Circuit Court of Appeals reversed on March 24, 2020. *See Harris v. Union Pac. R.R. Co.*, 953 F.3d 1030 (8th Cir. 2020).

In this case, Meza alleges he is a member of the putative class in *Harris* who faced the same discriminatory fitness-for-duty policies and practices. Meza, who worked for UP and its predecessor since 1996, alleges he was disqualified from his job after undergoing a fitness-for-duty evaluation triggered from injuries he suffered in a motorcycle accident. UP's "fitness-for-duty" program requires employees in certain positions, including Meza's, to disclose reportable health events. According to Meza, in March 2017, UP placed him on various work restrictions for a period of five years. These restrictions prohibited Meza from working as a carman. Meza claims he was able to perform his job, but that UP prevented him from returning to his position.

Meza allegedly filed a Charge of Discrimination with the federal Equal Employment Opportunity Commission ("EEOC") on April 17, 2020, and the EEOC issued a determination on March 15, 2022. Meza proceeded to file this action on April 28, 2022. Meza's Amended Complaint purports to allege two causes of actions: disparate treatment pursuant to 42 U.S.C. § 12112(a) and disparate treatment pursuant to 42 U.S.C. § 12112(b)(6).

UP now moves to dismiss Count II of the Amended Complaint, arguing it is untimely. UP argues that Count II of the Amended Complaint, while styled as a disparate-treatment claim, is actually one for disparate impact, and that the disparate-impact claim

2

was not sufficiently tolled by the *Harris* action. Alternatively, UP argues that Meza failed to sufficiently plead the prima-facie elements of a disparate-treatment claim. Meza, in turn, argues that his second disparate-treatment claim is properly alleged under 42 U.S.C. § 12112(b)(6). As he sees it, with the benefit of class-action tolling stemming from the *Harris* suit, he timely filed charges of discrimination with the EEOC.

## II. DISCUSSION

### A. Standards of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if supported by sufficient factual allegations to allow the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka County*, 799 F.3d 931, 945 (8th Cir. 2015) (internal marks omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas County*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." A court enjoys liberal discretion under Rule 12(f), however, motions to strike are viewed with disfavor and rarely granted. *See Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059 (8th Cir. 2000).

B.  **Motion to Dismiss**

The question before the Court is whether Count II of Meza's Amended Complaint sufficiently states a claim for relief to survive a Rule 12(b)(6) motion to dismiss. Count II of Meza's Amended Complaint attempts to plead a claim for disparate treatment under the ADA and is titled as such. The Court finds, however, that he has failed to state a claim. In reaching this conclusion, the Court need not decide whether a disparate-treatment claim is cognizable under 42 U.S.C. § 12112(b)(6), as the parties suggest is determinative. Instead, when reviewing the allegations within the Amended Complaint, the Court finds Meza failed to sufficiently plead a disparate-treatment claim.

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in job application procedures" or hiring, or "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The statute identifies seven categories of conduct that constitute discrimination. *Id.* § 12112(b). Here, Meza brings his second cause of action under subsection (b)(6). Section 12112(b)(6) prohibits discrimination through the following:

> Using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity

Employment discrimination claims under the ADA generally fall into three categories: disparate treatment, disparate impact, and reasonable accommodation. The first two theories—disparate treatment and disparate impact—are considered here. The Supreme Court has consistently recognized a distinction between the two claims. *See Raytheon Co. v. Hernandez*, 540 U.S. 44 (2003). Disparate-treatment claims arise when an employer treats someone less favorably than others because of a protected characteristic. *Raytheon,* 540 U.S. at 52 (citing *Teamsters v. United States*, 431 U.S. 324, 335, n.15

(1977)). They depend on whether the protected trait actually motived the employer's decision. *Id.*

By contrast, disparate-impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Id*. Under a disparate-impact theory of discrimination, "a facially neutral employment practice may be deemed [discriminatory] without evidence of the employer's subjective intent to discriminate that is required in a 'disparate-treatment' case." *Id*. at 52-53 (citing *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 645-46 (1989), *superseded by statute on other grounds*, Civil Rights Act of 1991, § 105, 105 Stat. 1074–1075, 42 U.S.C. § 2000e–2(k) (1994 ed.)).

In essence, a disparate-treatment claim requires a showing of the employer's *intent* to discriminate based on a protected trait, whereas a disparate-impact claim examines the ways in which an employment policy or practice may *affect* a category of employees.

As noted above, Meza's second cause of action is brought pursuant to 42 U.S.C. § 12112(b)(6), which generally prohibits employers from screening out employees with disabilities through qualification standards and tests. According to UP, Meza's second cause of action fails as a matter of law because § 12112(b)(6) only permits an ADA plaintiff to pursue claims for disparate impact, not disparate treatment. This argument focuses on the effects-based language of § 12112(b)(6), which includes criteria that "screen out or tend to screen out" individuals with a disability.

Although the U.S. Supreme Court has not yet addressed this issue, several courts hold that § 12112(b)(6) applies only to disparate-impact claims, as UP argues here. In *Fulbright v. Union Pacific Railroad Co.* for example, a federal district court in Texas looked to the plain text of § 12112(b)(6) in determining that the statute is a "disparate-impact only provision." No. 3:20-CV-2392-BK, 2022 WL 625082, at *3 (N.D. Tex. Mar. 3, 2022). In reaching this conclusion, the court found that it would be "nonsensical"

to evaluate a disparate-treatment claim under a provision that necessarily requires evidence that certain employment practices "screen out" or fall more harshly on one group than another. *Id*. If the alleged employment policy or test is intentionally discriminatory, as disparate-treatment claims require, then it would "make little sense" to require the type of evidence mandated by § 12112(b)(6). *Id*.

Other courts hold similarly. In *Equal Emp. Opportunity Comm'n v. BNSF Ry. Co.*, the court also determined that § 12112(b)(6) applies to claims for disparate impact, not disparate treatment. No. C14-1488 MJP, 2016 WL 98510, at *5 (W.D. Wash. Jan. 8, 2016), *aff'd*, 902 F.3d 916 (9th Cir. 2018), as amended (Sept. 12, 2018). In so doing, the court pointed to the U.S. Supreme Court's holding in *Raytheon*, which "puts § 12112(b)(6) squarely into the disparate-impact category." *See* 540 U.S. at 53 (explaining that disparate-impact claims are cognizable under the ADA and citing "using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability"—language lifted directly from § 12112(b)(6)). *But see Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC, No*. 2:17-CV-01649-MHH, 2022 WL 2959569, at *5 (N.D. Ala. July 26, 2022) (holding the plaintiff may pursue a disparate-impact claim under § 12112(b)(6)).

UP argues that Eighth Circuit caselaw is instructive, citing to *Boersig v. Union Electric Co*., 219 F.3d 816 (8th Cir. 2000). In *Boersig,* the Eighth Circuit rejected the plaintiff's attempt to categorize his reasonable-accommodation claim as one for disparate impact. 219 F.3d at 822. The Eighth Circuit suggested that § 12112(b)(6) applies to a disparate-impact theory of liability under the ADA by quoting § 12112(b)(6). *See id.* However, the Eighth Circuit was not presented with, and did not rule on, the precise issue presented here. *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been decided as to constitute precents."); *Sanzone v. Mercy Health*, 954 F.3d 1031, 1038 (8th Cir. 2020) (discussing dicta).

UP's arguments, and the cases it relies on, are persuasive. However, the Court finds it unnecessary to reach that issue because, even assuming without deciding the viability of a disparate-treatment claim under § 12112(b)(6), Meza's Amended Complaint lacks sufficient factual allegations to state a claim upon which relief may be granted.

As noted above, disparate-treatment claims require allegations and evidence of intentional discrimination. Here, Meza's second claim is devoid of any factual allegations on which the Court could infer intentionality by UP—that is, allegations that UP intentionally treated Meza less favorably than others because of his protected characteristic. While Meza *argues* that UP's policy is facially discriminatory illustrating subjective intent, that is not what his amended complaint *alleges*. The lack of alleged intent alone leads the Court to conclude that Meza's claim fails to state a claim for disparate treatment.

C. **Motion to Strike**

Meza files a motion to strike, or in the alternative, a motion for leave to file a surreply in response to UP's reply brief. In support, Meza argues that UP raised arguments that were not included in its opening brief. Meza asks the court to strike Section II.A.I. of UP's reply or grant him leave to file a surreply. Meza's surreply was attached to its motion.

The Court generally views UP's reply as a logical extension of its argument that Meza failed to state a claim under Rule 12(b)(6), and thus, denies Meza's request to strike Section II.A.I. of UP's reply. However, the consideration of Meza's surreply will not prejudice UP. Thus, the Court grants Meza's request to file a surreply and considers the surreply in deciding the present motion to dismiss. The surreply attached to his motion is deemed filed *instanter* and need not be refiled.

III. **CONCLUSION**

Meza's second cause of action, Unlawful Screening—Disparate Treatment, fails to state a claim upon which relief could be granted. Accordingly,

IT IS ORDERED:

1. Defendant Union Pacific Railroad Co.'s motion to dismiss (Filing No. 14) is granted.
2. Count II of the Amended Complaint is dismissed without prejudice.
3. Plaintiff David Meza's Motion to Strike (Filing No. 30) is granted in part and denied in part. Filing No. 32-1 is deemed filed *instanter*.

Dated this 12th day of September 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge