IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID MEZA,

           Plaintiff,

vs.

UNION PACIFIC RAILROAD CO.,

           Defendant.

8:22CV102

ORDER

      This matter is before the Court on a discovery dispute between the parties. For the reasons explained below, the Court will permit Plaintiff to conduct discovery regarding the availability of reasonable accommodations. The Court will also allow the deposition of Dr. Laura Gillis ("Dr. Gillis") to go forward, but her testimony will be limited to information about her personal involvement in the decision to return Plaintiff to work, and the basis upon which she made that decision.

## BACKGROUND

      Plaintiff worked for Defendant as a carman, performing repair and car inspector work. In June 2016, Plaintiff suffered injuries in a motorcycle accident. Plaintiff took time off work to recover and was cleared by his physician to return to work on or about February 1, 2017.

      Following the accident, Defendant initiated a fitness-for-duty evaluation of Plaintiff. In March 2017, Defendant's Associate Medical Director, Dr. John Charbonneau, imposed functional work restrictions on Plaintiff that could be reevaluated after five years.[1] Defendant subsequently

---

[1] Plaintiff's expert has opined that Plaintiff should have been withheld from work for two years. (Filing No. 85-1.)

sent a restriction review form to its manager, Paul Friend ("Friend"), and General Superintendent Roger Lambeth ("Lambeth"), who determined Defendant's work restrictions could not be accommodated. Plaintiff was not allowed to return to work.

On March 22, 2022, Plaintiff filed this suit alleging violations of the Americans with Disabilities Act ("ADA"). ([Filing No. 1](Filing No. 1).) Plaintiff filed an Amended Complaint on April 28, 2022. ([Filing No. 8](Filing No. 8).) Count I of the Amended Complaint alleged a disparate treatment claim pursuant to 42 U.S.C. § 12112. Count II asserted a disparate treatment claim under the ADA for unlawful screening. The Court subsequently dismissed Count II of the Amended Complaint for failure to state a claim. ([Filing No. 46](Filing No. 46).)

In September 2022, Dr. Gillis, who began employment as Defendant's Chief Medical Officer in March, 2020, reviewed Plaintiff's updated medical records and determined Plaintiff's five-year work restrictions could be lifted. Plaintiff was permitted to return to work.

During discovery in this case, Plaintiff sought information regarding reasonable accommodations that could have been made for Plaintiff and sought to depose Dr. Gillis. Defendant objected to this discovery. On March 10, 2023, following receipt of position statements from the parties, the Court held a telephone conference regarding the dispute. (Filing No. 76.) Based on the information before the Court at that time, the Court found that discovery regarding reasonable accommodations was irrelevant. The Court also concluded that Dr. Gillis could be deposed, but that her testimony would be limited to information about Dr. Gillis' personal involvement in the decision to return Plaintiff to work, and the basis upon which she made that decision. The Court gave the parties until March 24, 2023 to advise as to whether they wanted to submit formal briefing regarding the discovery dispute for further consideration. Plaintiff requested formal briefing, which has now been completed.

1. **Reasonable Accommodations**

Plaintiff seeks discovery regarding the availability of reasonable accommodations for him, including information about Defendant's decision that no such accommodations were available. Defendant maintains that because Plaintiff has not pled a failure to accommodate claim, he cannot

pursue discovery regarding accommodations.[2] Defendant also argues discovery about accommodations is irrelevant because Plaintiff has not claimed an "actual" or "record of" disability at the time the work restrictions were imposed, but rather is pursuing a "regarded as" theory, which renders the issue of accommodations irrelevant. Defendant maintains Plaintiff is trying to have the best of both worlds by alleging his injuries did not impact his ability to do his job, while also arguing he should have received accommodations.

The ADA prohibits employers from discriminating against qualified individuals based on a disability. To be considered disabled under the ADA, an individual must show he (1) has an impairment that substantially limits one or more major life activities (an "actual" disability); (2) has a "record of" such an impairment; or (3) is "regarded as" having such an impairment. 42 U.S.C. § 12102(1). An employer is required, absent undue hardship, to provide a reasonable accommodation to a qualified individual who meets the definition of disability under the "actual disability" prong, as well as the "record of" prong. 29 C.F.R. § 1630.2(o)(4). However, an employer "is not required to provide a reasonable accommodation to an individual who meets the definition of disability solely under the 'regarded as' prong." *Id*.

It appears to the undersigned that Plaintiff's claim falls under the "regarded as" theory of disability because Plaintiff maintains he *was* able to do his job. Logically, if, as Plaintiff asserts, his health did not limit his ability to do his job and, as his Amended Complaint alleges, he "remains capable of working in his position to this day," Plaintiff should not have needed an accommodation. Under a "regarded as" theory, accommodation evidence would be irrelevant. Nevertheless, Plaintiff's Amended Complaint alleges he was an individual with a disability under the ADA, which could include someone with an "actual" or "record of" disability. Plaintiff's interrogatory answers also indicate he is claiming a "record of" disability. (Filing No. 82-6.) It is not up to the undersigned to decide the theory of disability that Plaintiff is allowed to pursue. It is also not up to the undersigned to decide the ultimate admissibility of accommodation evidence. Rather, the question that must be resolved by the undersigned at this time is whether discovery into accommodations should be allowed.

---

[2] Plaintiff's original Complaint included a failure to accommodate claim. (Filing No. 1.) However, a failure to accommodate claim was not included in Plaintiff's Amended Complaint.

3

Defendant has indicated it will not mention accommodations at trial provided the Court instructs the jury that accommodations should not be considered. However, decisions regarding the admissibility of evidence and jury instructions are made by the district court judge—not the undersigned. The undersigned cannot predetermine or predict whether accommodation evidence will be admitted at trial. Therefore, Plaintiff needs to be prepared to refute any evidence presented by Defendant regarding whether Defendant was or was not able to accommodate Plaintiff. Thus, discovery regarding reasonable accommodations will be permitted.

Moreover, Defendant has pled a "direct threat" defense, which requires Defendant to show that Plaintiff presented a "significant risk to the health or safety of others that [could not] be eliminated by *reasonable accommodation*." 42 U.S.C. § 12111(3); 29 C.F.R. § 1630.2(r) (emphasis added). Accommodations are a piece of, and relevant to, Defendant's direct threat defense. Therefore, Plaintiff will be permitted to conduct discovery regarding accommodations as it pertains to Defendant's direct threat defense so Plaintiff can be prepared if Defendant raises it at trial.

### 2. Dr. Gillis

Dr. Gillis was not involved in the decision to impose work restrictions on Plaintiff and does not have any personal, first-hand knowledge about the restrictions imposed. Dr. Gillis did not even begin working for Defendant until three years after the restrictions were imposed. Dr. Gillis' determination that Plaintiff could return to work once the five-year restriction period had ended did not impact Defendant's alleged unlawful employment action. *Charleston v. McCarthy,* 926 F.3d 982, 989 (8th Cir. 2019) ("[A]n adverse employment action is completed at the time it occurs and cannot be revived by a mere request for reconsideration").

Plaintiff wants to depose Dr. Gillis about whether she would have imposed the same restrictions upon Defendant if she had been the original decision-maker. This type of after-the-fact opinion testimony is improper, and within the province of an expert witness. Dr. Gillis is not an expert witness in this case and her testimony must be limited to matters within her personal knowledge. The Court therefore affirms its previous limitations on Dr. Gillis' testimony. Dr. Gillis' testimony will be limited to information about her personal involvement in the decision to return Plaintiff to work, and the basis upon which she made that decision.

**IT IS SO ORDERED.**

Dated this 28th day of June, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge