IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID MEZA,<br><br>    Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>    Defendants. | 8:22CV102<br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff David Meza ("Meza") performed repair and inspection work for defendant Union Pacific Railroad Co. ("Union Pacific"). After Meza was injured in a motorcycle accident in June 2016, he took time off work to recover. Although his physician cleared him to return to work around February 2017, Union Pacific did not allow Meza to return to his prior position or arrange another position for him because its medical officer determined that Meza "has been disabled from performing his/her regular occupation." Meza filed suit against Union Pacific, alleging it violated the Americans with Disabilities Act ("ADA") on two counts: (1) disability discrimination; and (2) unlawful screening. 42 U.S.C § 12101 *et seq*. On Union Pacific's motion, the Court subsequently dismissed the second count for failure to state a claim (Filing No. 46).

  The parties' ongoing dispute about the scope of Meza's First Amended Complaint has led to some discovery disputes. Both parties have timely objected to two separate discovery rulings by the magistrate judge.[1]

  First, the magistrate judge required Union Pacific to provide certain information on Union Pacific's Associate Medical Director John Charbonneau's ("Dr. Charbonneau") and Chief Medical Officer Doctor John Holland's ("Dr. Holland") pay structure, but held

---

[1] The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

Union Pacific need not provide the consulting agreements for Dr. Charbonneau and Dr. Holland to Meza (Filing No 96). In response, Meza filed an objection (Filing No. 100) to this order, arguing the discovery of written consulting agreements governing payments should be discoverable.

Second, the magistrate judge permitted Meza to conduct discovery regarding the availability of reasonable accommodations (Filing No. 109). Union Pacific then filed an objection (Filing No. 112) to this order arguing that discovery on reasonable accommodation is unwarranted.

The parties have fully briefed their positions. This Court overrules both objections and affirms the magistrate judge's decisions on both matters.

I.  **DISCUSSION**
    A.  **Legal Standard**

"Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Magistrate judges have "all powers and duties" within "the district in which sessions are held by" the appointing court under 28 U.S.C. § 636(a). "'In discovery matters, the magistrate judge is afforded great deference,'. . . [a district court] may reverse a magistrate judge's order only when clearly erroneous or contrary to law." *Benson v. City of Lincoln*, No. 4:18CV3127, 2022 WL 1121805, at *1 (D. Neb. 2022) (citing *Kumho Tire Co., Inc.*, No. 4:08CV3157, 2010 WL 1292447, at *2 (D. Neb. 2010)); *see also* Fed. R. Civ. P. 72(a). "Under a clearly erroneous standard, a district court can reverse a magistrate judge's order only if the court is left with the definite and firm conviction that a mistake has been committed." *Id*. (citing *Brooks v. Lincoln Nat'l Life Ins. Co.*, No. 8:05CV118, 2006 WL 2487937, at *3 (D. Neb. 2006)).

Even if this Court might have ruled differently on the discovery of accommodation information, that is not the standard. Based on this Court's review of the objections and

based on the above analysis, this Court will affirm the magistrate judge's orders. They are well thought out and are neither clearly erroneous nor contrary to law.

ACCORDINGLY, IT IS ORDERED:

1. Plaintiff David Meza's objection (Filing No. 100) is overruled, and the magistrate judge's text order (Filing No. 96) is affirmed.

2. Defendant Union Pacific Railroad Co.'s objection (Filing No. 112) is overruled, and the magistrate judge's Memorandum and Order (Filing No. 109) is affirmed.

Dated this 2nd day of August 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge