IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID MEZA,

               Plaintiff,

     v.

UNION PACIFIC RAILROAD CO.,

               Defendant.

**8:22CV102**

**MEMORANDUM
AND ORDER**

In this case, plaintiff David Meza ("Meza"), who most-recently worked as a carman for defendant Union Pacific Railroad Co. ("Union Pacific"), alleges Union Pacific unlawfully discriminated against him in his employment in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2018, 42 U.S.C. § 12101 *et seq.* Discovery started in this case in 2022. To help prove his ADA claim, Meza retained Dr. Kevin Trangle ("Dr. Trangle") as an expert witness (Filing No. 130-1).

Before the Court is Union Pacific's motion to exclude part of Dr. Trangle's expert opinions (Filing No. 117). More precisely, Union Pacific contends Dr. Trangle should not be permitted to (1) "craft a factual narrative about the Federal Motor Carrier Safety Administration's [("FMCSA")] decision to 'remove' the [2014] Medical Examiner Handbook [("Handbook")] from its website" or (2) "opine or infer what the FMCSA *meant* when it 'removed' the [Handbook] from the website, including testimony that the removal signaled that any particular medical guideline is 'outdated' or unreliable." Having relied on the Handbook in conducting a fitness-for-duty examination of Meza that led to his suspension from work, Union Pacific maintains the Handbook is still scientifically valid. Union Pacific contends Dr. Trangle's proposed testimony to the contrary is unsupported and inadmissible.

The admissibility of expert testimony in federal court is primarily governed by Federal Rule of Evidence 702.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).  Under that rule,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d).

This Court acts as a gatekeeper, ensuring that only relevant and reliable scientific evidence is admitted at trial.  *See Daubert*, 509 U.S. at 589; *S&H Farm Supply, Inc. v. Bad Boy, Inc.*, 25 F.4th 541, 551 (8th Cir. 2022).  The Court must "discern 'expert opinion evidence based on 'good grounds' from subjective speculation that masquerades as scientific knowledge.'" *Ackerman v. U-Park, Inc.*, 951 F.3d 929, 933 (8th Cir. 2020) (quoting *Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 989 (8th Cir. 2001)).  But in acting as a gatekeeper, the Court must not "invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence."  *United States v. Vesey*, 338 F.3d 913, 917 (8th Cir. 2003); *accord Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1183 (8th Cir. 1997).

At its root, "Rule 702 is a rule 'of admissibility rather than exclusion.'"  *S&H Farm Supply*, 25 F.4th at 551 (quoting *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1298 (8th Cir. 1997)).  "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to

examine the factual basis for the opinion in cross-examination." *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988). As such, "[a] trial court should exclude an expert opinion only if it is so fundamentally unsupported that it cannot help the factfinder." *Hurst v. United States*, 882 F.2d 306, 311 (8th Cir. 1989).

Here, Union Pacific seeks to bar Dr. Trangle from testifying the Handbook is unreliable and was removed from the FMCSA website because it contains "outdated" information. Calling Dr. Trangle "simply wrong" and adding some hyperbole for good measure, Union Pacific implores the Court to "not allow Dr. Trangle to trample the Rules of Evidence and offer misleading and unsupported testimony about the FMCSA Handbook under the guise of expert opinion." In Union Pacific's view, Dr. Trangle has no genuine insight into why the FMCSA removed the Handbook and has no basis to testify the information is outdated. Union Pacific asserts that testimony from its own, more-qualified experts, Brian Morris, M.D., J.D., M.B.A., M.P.H. ("Dr. Morris") and Dr. Joel Cotton, establishes the Handbook remains current and reliable.

Meza responds by chastising Union Pacific for trying to prohibit Dr. Trangle from testifying about the Handbook while simultaneously planning to offer testimony from two of its own experts "on the same subject." According to Meza, "[t]here is no doubt that [(1)] the current validity of the 2014 Handbook, and its underlying research, is relevant evidence in the case," (2) Dr. Trangle "is eminently qualified to offer an opinion about the lack of currency of the underlying medical science that is the basis for the recommendations in the 2014 Handbook," and (3) his opinion on that issue is reliable.

In support, Meza refers the Court to, among other things, a watermark on the front of the Handbook that indicates it is "No longer in use" and a notice of proposed regulatory guidance in the Federal Register that states in the background that the FMCSA withdrew the Handbook in 2015 "because some of the information was obsolete or was prescriptive in nature." Qualifications of Drivers: Medical Examiner's Handbook and Medical Advisory Criteria Proposed Regulatory Guidance, 87 Fed. Reg. 50282 (Aug. 16,

2022). Meza also points to testimony from Dr. Morris that indicates the FMCSA removed the Handbook from its website to update the medical information and because some medical examiners were improperly treating the guidance as mandatory. Meza urges the Court to "defer to the advocacy process and the finder of fact" to sort out these issues, rather than exclude relevant expert testimony.

Neither party hits the nail squarely on the head on this issue, but Meza strikes the better blow—at least with respect to the threshold issue of the admissibility of Dr. Trangle's opinion that the Handbook is outdated and unreliable. Union Pacific's proposed exclusions are simply too restrictive in these circumstances.

Union Pacific would limit Dr. Trangle to critiquing the specific "merits of the FMCSA's medical recommendations," but the Court finds he should also generally be able to succinctly tell a jury why he thinks Union Pacific should not have relied on the Handbook in evaluating Meza's fitness for duty—even if Union Pacific does not agree. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006) ("Courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility."). While not beyond reproach, Dr. Trangle's opinion on Union Pacific's reliance on the Handbook is not so fundamentally unsupported or speculative as to be completely unhelpful to the factfinder. *See Lancaster v. BNSF Ry. Co.*, 75 F.4th 967, 970 (8th Cir. 2023) ("[E]xpert testimony that is 'speculative, unsupported by sufficient facts, or contrary to the facts of the case' is inadmissible." (quoting *Marmo*, 457 F.3d at 757)); *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) (explaining expert testimony can assist a jury if it helps the jurors understand an issue "to any degree") (quotation omitted).

In brushing aside Meza's reliance on the Federal Register and his take on Dr. Morris's testimony about the removal of the Handbook, Union Pacific repeatedly states "the FMCSA has never announced that the neurological guidelines that Union Pacific followed are obsolete, flawed, or otherwise unreliable medicine." Hoping for the

4

first and last word on the matter, Union Pacific cites an opinion from Dr. Morris based on his "personal experience" to confirm "that undisputed fact." Yet Union Pacific's challenge to Dr. Trangle's conflicting expert testimony lies at the heart of the adversary process. *See, e.g.*, *Loudermill*, 863 F.2d at 570; *see also Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014) (admonishing district courts "not to weigh or assess the correctness of competing expert opinions").

Where, as here, an expert's opinion rests on sufficient grounds to assist the jury, "it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Johnson*, 754 F.3d at 562. In other words, in lieu of the Court silencing Dr. Trangle on this issue from the outset, Union Pacific can present its view of the issue to the jury through its own experts and vigorously challenge Dr. Trangle on cross-examination. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

For the foregoing reasons, Union Pacific's Daubert Motion to Exclude Portions of Dr. Kevin Trangle's Opinions (Filing No. 117) is denied. Of course, this ruling does not preclude Union Pacific from timely raising more-specific objections to Dr. Trangle's opinions on the Handbook depending on his testimony at trial. *See, e.g.*, *United States v. Strong*, 826 F.3d 1109, 1115 (8th Cir. 2016) ("Even when the requirements of Rule 702 are met, however, '[t]he court may exclude [the] evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (alterations in original) (quoting Fed. R. Evid. 403)).

IT IS SO ORDERED.

Dated this 21st day of September 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge